[Cite as *Huntington Natl. Bank v. SSA Ltd.*, 2011-Ohio-5264.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| THE HUNTINGTON NATIONAL BANK | : | JUDGES: | |
| | : | Hon. William B. Hoffman. P.J. | |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. | |
| | : | Hon. John W. Wise, J. | |
| -vs- | : | | |
| | : | | |
| SSA LTD. AND SSA-STOR, LLC | : | Case No. 11CAE050048 | |
| | : | | |
| Defendants-Appellants | : | O P I N I O N | |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                               Pleas, Case No. 11CVE030285

JUDGMENT:                      Affirmed

DATE OF JUDGMENT:              October 12, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

ROBERT T. CASTOR                          A. C. STRIP
DAVID K. CONRAD                           PAUL W. LEITHART, II
100 South Third Street                    NICHOLAS W. REEVES
Columbus, OH  43215                       575 South Third Street
                                          Columbus, OH  43215

*Farmer, J.*

{¶1} On March 1, 2011, appellee, The Huntington National Bank, filed a complaint in foreclosure against appellants, SSA Ltd. and SSA-Stor, LLC. Appellee sought to recover on a judgment it had obtained against appellants on October 13, 2010 for default on a promissory note, secured by mortgages, in the amount of $5,940,889.23 (Franklin Case No. 10-CV-14948). Appellee requested the appointment of a receiver. By judgment entry filed May 9, 2011, the trial court granted the motion and appointed a receiver.

{¶2} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT ERRED IN THE APPOINTMENT OF A RECEIVER BECAUSE THE APPOINTMENT OF A RECEIVER WAS CONTRARY TO THE AGREEMENT OF THE PARTIES AND CONTRARY TO EQUITABLE PRINCIPLES GOVERNING THE APPOINTMENT OF A RECEIVER."

II

{¶4} "THE TRIAL COURT ERRED WHEN IT APPOINTED A RECEIVER BASED UPON OHIO REVISED CODE SECTION 2735.01 (B) BECAUSE THE APPELLEE FAILED TO PROVE THAT THE MORTGAGED PROPERTY WAS IN DANGER OF BEING LOST, REMOVED OR MATERIALLY INJURED, OR THAT THE PROPERTY IS PROBABLY INSUFFICIENT TO DISCHARGE THE MORTGAGE DEBT."

I

{¶5}   Appellants claim the trial court erred in appointing a receiver because it was contrary to the parties' agreement and contrary to equitable principles governing the appointment of a receiver.  We disagree.

{¶6}   A trial court is vested with the sound discretion to appoint a receiver. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶7}   In determining whether to appoint a receiver, a trial court " '***must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' "  *State ex rel. Celebrezze* at fn.3, quoting 65 American Jurisprudence 2d (1972) 873-874, Receivers, Sections 19-20.

{¶8}   The trial court based its decision in appointing a receiver on the following clear and unambiguous language contained in the mortgage agreement, attached to the March 1, 2011 complaint as Exhibit D:

{¶9}   "RIGHTS AND REMEDIES ON DEFAULT.  Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

{¶10}   "***

{¶11} "Appoint Receiver.  Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness.  The receiver may serve without bond if permitted by law.  Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount.  Employment by Lender shall not disqualify a person from serving as receiver."

{¶12}  The trial court reviewed this language and concluded the following:

{¶13}  "The Court finds that the 'Appoint Receiver' provision in the mortgage put the Defendants on notice that the Plaintiff had the right to have a receiver appointed upon the occurrence of an event of default by the Defendants.  The Plaintiff has exercised this right by moving the Court for an immediate appointment of a receiver. Upon motion of the Plaintiff, the Court must determine whether the appointment of a receiver is appropriate under the circumstances.  The Court finds that the language in the subject mortgage provision is sufficient to create a contractual agreement between the parties regarding the appointment of a receiver upon the occurrence of an event of default by the Defendants.  The instant matter is not distinguishable from *Pangborn* [*Federal Land Bank of Louisville v.* (October 7, 1987), Morrow App. No. CA-667] since even if the provision in the mortgage provided that the Court *shall* appoint a receiver upon default by the Defendants, the mortgagor still must apply to the Court for appointment of a receiver and the Court must still determine that the conditions for the appointment of a receiver have been met.

{¶14} "The Court finds that the provision in the mortgage grants the Court authority to appoint a receiver in this case as it is undisputed that the occurrence of an event of default has occurred. The Defendants have been given notice of the Plaintiff's exercise of this right in the Motion for Immediate Appointment of Receiver which was served upon the Defendants by Certified Mail." Judgment Entry filed May 9, 2011.

{¶15} We agree with this analysis. In the *Pangborn* case cited supra, this court upheld a similar provision in a mortgage agreement and determined R.C. 2735.01, the statute governing the appointment of a receiver, was inapplicable due to the parties' express agreement in the mortgage for the appointment of a receiver in the event of a default.

{¶16} Appellants argue despite the clear language contained in the mortgage agreement, it does not divest the trial court of its obligation to determine the appropriateness of the appointment. It is appellants' position that with the parcels involved in this case, only one has any rental income (Route 42 property), and the remaining parcels consist of vacant land where the receiver would have no rents to collect or manage. Although it is undisputed that appellants are in default, appellants argue the appointment of a receiver is unnecessary as there is no reason for the receiver to protect undeveloped land.

{¶17} Although the trial court correctly determined the appointment of a receiver was proper under the terms of the mortgage contract, the trial continued in its analysis and examined the appointment of a receiver under R.C. 2735.01(B) which states the following:

{¶18} "A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:

{¶19} "(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt."

{¶20} As the trial court noted in its May 9, 2011 judgment entry at 5-7, the sole issue is not the "danger of being lost, removed, or materially injured," but in the alternative, a receiver can be appointed if a condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage. The trial court concluded the alternative conditions were met. Clearly, the trial court did not merely "rubberstamp" the clear language of the mortgage agreement.

{¶21} Upon review, we find the trial court did not err in appointing a receiver.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in appointing a receiver pursuant to R.C. 2735.01(B). As we noted in Assignment of Error I, the clear language of the mortgage agreement renders an analysis under R.C. 2735.01(B) moot.

{¶24} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES

SGF/sg 909

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| SSA LTD. AND SSA-STOR, LLC | : | |
| Defendants-Appellants | : | CASE NO. 11CAE050048 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellants.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES