[Cite as *Huntington Natl. Bank v. SSA Ltd.*, 2012-Ohio-3937.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                                 |   | JUDGES:                         |
|---------------------------------|---|---------------------------------|
| HUNTINGTON NATIONAL BANK        | : | Hon. Patricia A. Delaney, P. J. |
|                                 | : | Hon. W. Scott Gwin, J.          |
| Plaintiff-Appellee              | : | Hon. John W. Wise, J.           |
|                                 | : |                                 |
| -vs-                            | : |                                 |
|                                 | : | Case No. 2012-CAE-6             |
| SSA LTD, ET AL                  | : |                                 |
|                                 | : |                                 |
| Defendants-Appellants           | : | O P I N I O N                   |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                             County Court of Common Pleas, Case
                             No.11-CVE-03-0285

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      August 27, 2012

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

For  American Tower Delaware Corp.         For  SSA, Ltd. and SSA-Stor, LLC
MICHAEL J. O'CALLAGHAN                      PAUL LEITHART, II.
JAMES COLNER                               575 South Third Street
41 South High Street, Ste. 2400            Columbus, OH 43215
Columbus, OH 43215

For  Receiver Mark S. Froehlich            For  SSA, Ltd. and SSA-Stor, LLC
JAMES V. MANIACE                           KEVIN E. HUMPHREYS
JOSEPH C. PICKENS                          332 W. 6th Avenue
65 East State Street, Ste. 1000            Columbus, OH 43201
Columbus, OH 43215

*Gwin, J.,*

{¶1} Defendants SSA Ltd and SSA-Stor, LLC appeal a judgment of the Court of Common Pleas of Delaware County, Ohio, which approved a settlement by the foreclosure receiver-appellee Mark Froehlich of all claims in *SSA-Stor, LLC v. New Par, et al,* Franklin County Common Pleas No. 04-CVH-01-730, with New Par, who is not a party to this appeal, and interveners-appellees American Tower. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING AUTHORITY TO THE FORECLOSURE RECEIVER TO SETTLE THE CLAIMS THAT BELONG TO SSA-STOR, LLC, IN *SSA-STOR, LLC V. NEW PAR, ET AL.,* FRANKLIN COUNTY COMMON PLEAS CASE 04CVH-01-730.

{¶3} "II. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER THE ISSUE OF WHETHER THE FORECLOSURE RECEIVER WAS THE REAL PARTY IN INTEREST TO SSA-STOR, LLC'S CLAIMS ASSERTED IN *SSA-STOR, LLC V. NEW PAR, ET AL.,* FRANKLIN COUNTY COMMON PLEAS CASE 04CVH-01-730; CONTRARY TO THE JURISDICTIONAL PRIORITY RULE."

{¶4} The issues in this case are when a foreclosure receiver may settle litigation claims belonging to the debtor and the extent of the appointing court's jurisdiction to issue orders effactually substituting the receiver for the debtor and terminating an active case in another jurisdiction.

{¶5} In 1989 or 1990, the predecessor in interest to SSA Ltd and SSA Stor, LLC, hereinafter SSA, leased a parcel of land to a communications company for a tower to be erected. The predecessor in interest gave the company a sixteen foot easement

for access to the leased parcel.  In 2001, SSA became the owner of the property, along with several other contiguous parcels totaling approximately fourteen acres.  Also in 2001, SSA obtained a mortgage from Huntington National Bank.  SSA intended to develop the property.  At some point in time, Newpar, an assignee or sub-leasee of the communication company, dug a trench for wire, cables and other material for the tower.  Thereafter, SSA brought suit in Franklin County Common Pleas Court, arguing Newpar's trench work was not on the easement and constituted a trespass, and arguing the trench interfered with SSA's ability to develop the property, causing damage both to the property and to SSA's business interests.

{¶6}   In 2011, Huntington Bank brought this foreclosure action in Delaware County. Over SSA's objection, the court appointed appellee Mark Froehlich as receiver in foreclosure.  The entry appointing the receiver was filed May 9, 2011.  From that judgment SSA took an appeal, entitled *Huntington National Bank v. SSA Ltd and SSA Stor, LLC,* 5th Dist. No. 11-CAE-050048, 2011-Ohio-5264.  On May 16, 2011 the trial court entered a ten-page judgment enumerating the powers of the receiver with respect to the subject property. The question of the receiver's specific powers was not an issue in the first appeal. Instead, SSA only challenged the entry appointing the receiver pursuant to statute and the mortgage contract.  This court affirmed the trial court's appointment on October 12, 2011. *Id.*

{¶7}   The case between SSA and New Par, et al. is still pending before the Franklin County Court of Common Pleas.  The receiver negotiated a settlement of the case and requested the Delaware County Court of Common Pleas to approve the settlement.  On December 28, 2011, the trial court approved the settlement of the

Franklin County Common Pleas Court case for $30,000.00 to "fully and finally settle all claims in the underlying litigation with the defendants therein". From this judgment entry SSA takes its appeal.

I.

{¶8} In its first assignment of error, SSA asserts the trial court erred in granting authority to the foreclosure receiver to settle its pending case in Franklin County, and erred in approving the settlement. We agree.

{¶9} R.C. 2735.04 provides:

Under the control of the court which appointed him, as provided in section 2735.01 of the Revised Code, a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, receive rents, collect, compound for, and compromise demands, make transfers, and do such acts respecting the property as the court authorizes.

{¶10} The Supreme Court has construed R.C. 2735.04 as permitting a trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it finds to be appropriate in the case. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St. 3d 69, 74, 573 N.E. 2d 62 (1991).

{¶11} The parties dispute what our standard of review is in the within case. Because the Supreme Court has held a court has discretion to delineate the receiver's powers as necessary given the particular facts and circumstances of the case, appellees assert our standard of review must be to determine whether the trial court has abused its discretion. The Supreme Court has frequently reminded us the term abuse of

discretion implies a trial court's decision is unreasonable, arbitrary, or unconscionable. *See, e.g., Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983)*.*

**{¶12}** SSA argues to the contrary that our standard of review is *de novo* because the trial court authorized the receiver to perform an act that exceeded the scope of the statute as a matter of law.

**{¶13}** In *Castlebrook Ltd. v. Dayton Properties Ltd. Partnership,* 78 Ohio App. 3d 340, 604 N.E. 2d 808 (1992) the court found there is a threshold question of law regarding whether a trial court has authorized a receiver to take an action unsanctioned by the statute. If the answer to the question is yes, then the trial court possesses no discretion, and the authorization is erroneous as a matter of law. *Id.*, at 346-347.

**{¶14}** We find the issue presented here is a question of law which we review *de novo.*

**{¶15}** A receiver in a mortgage foreclosure action does not have the same powers as those of a receiver in bankruptcy. A receiver in foreclosure is appointed for the benefit of all the creditors of the property mortgage. *Castlebrook, supra,* at 350.The foreclosure receiver is limited to taking actions respecting the property. *Id.* at 347-348; R.C. 27035.04.

**{¶16}** In the case at bar, the trial court listed some ten pages of powers and obligations of the receiver in the administration and preservation of the property. The receiver argues the statute and the court's directive imply he has the authority to pursue the claims made in the Franklin County case. He directs us to *Gilbert v. Metzler*, 68 F.3d 74, (6th Cir. 1995).

**{¶17}** *Gilbert* involved a complex case wherein defendants Metzler, his wife, and two corporations were sued in federal court for fraud and other claims arising from a contract between Metzler and the plaintiff to build a boat. A jury awarded the plaintiff possession of certain boat molds, $44,614.26 against the defendant corporations, and $294,412.76 against all defendants. After a bankruptcy court found the judgment in the *Gilbert* case was not dischargeable, the *Gilbert* district court appointed a receiver to act on behalf of the plaintiff regarding defendants Metzler, his wife and their corporations. The district court authorized the receiver to settle pending state court litigation involving Metzler. The Sixth Circuit court found, among other things, the court did not abuse its discretion in authorizing the receiver to settle the state court claims.

**{¶18}** The Court's decision is listed in a "Table of Decisions Without Reported Opinions" and does not provide an extensive analysis of the issues, but it is clear the Metzgers were personally liable for the underlying jury award, and thus, any money coming to them in other litigation would be within the parameters of the receivership that protected the *Gilbert* judgment.

**{¶19}** The *Castlebrook, supra* case is instructive.  In *Castlebrook,* a bank foreclosed on a mortgage securing Castlebrook Apartments.  A receiver was appointed to collect the rents and manage the property.  Subsequently, the receiver discovered a deficiency of approximately $50,000 in the tenant security deposit account, and moved the court for authority to recover the deficiency from the mortgagors.  He alleged the tenant security deposits were assets of the estate which the receiver should hold in trust for the payment of any damage to the property and/or to return to the tenants when they leave.  The trial court granted the receiver's motion.

**{¶20}** On appeal, the Court of Appeals for Montgomery County explained the receiver in a mortgage foreclosure action is limited to taking actions with the respect to the property covered by the mortgage. The court found while the receiver has the right to complete and exclusive control of the apartment building, the security deposits had been paid over by the tenants prior to the establishment of the receivership. The court found the obligation of a landlord to return a security deposit does not run with the land. Instead, in Ohio a security deposit is not rent or profit but rather constitutes a personal obligation in the nature of a pledge between the landlord and the tenant. The court found the obligation to hold, account for, and return security deposits is a personal contractual obligation of the landlord, and the receiver could not, as a matter of law, assume the responsibility of maintaining the security deposit account. The court found he lacked standing to attempt to recover the security deposits.

**{¶21}** The case in Franklin County alleged, *inter alia,* damages to the real property which is subject to the mortgage and the receiver has specific authority to prosecute and defend cases relating to the property. However, the Franklin County case also involves allegations of lost profits, disruption of business, and damage to the business operations of SSA. These claims are personal to SSA, not security for the mortgage. SSA asserts claims for losses that occurred prior to the default on the mortgage and prior to the appointment of the receiver. This litigation commenced prior to the appointment of the receiver.

**{¶22}** Here, while the receiver can pursue the interests of the mortgagee and the creditors, he is the agent of the creditors and not, as a matter of law, of SSA. SSA is the only party which can properly pursue its business interest damages in the Franklin

County case.  We conclude the trial court erred in giving the receiver the authority to settle the Franklin County case in its entirety, and erred in approving the settlement.

**{¶23}**  The first assignment of error is sustained.

II.

**{¶24}**  In their second assignment of error, appellants argue the trial court did not have jurisdiction to determine whether the receiver was the real party in interest in the Franklin County case.  We do not agree. The jurisdictional priority rule does not apply here.

**{¶25}** It does not appear from the record the trial court actually attempted to enter an order substituting parties in the Franklin County case, although the court's order approving the settlement could be considered to have that effect.  The Delaware County Court has jurisdiction to control the receiver's actions dealing with the property conferred by law including settling claims involving the property. In doing so, the court's decisions obviously may have an effect on litigation pending in other courts.

**{¶26}**  As stated supra, the foreclosure receiver could not assume the interests of SSA, but could pursue the damages to the property covered by the mortgage in order to protect the creditors' interests. The receiver acts for the creditors, not the debtors.

**{¶27}** Essentially, until the Franklin County Court of Common Pleas enters a judgment making an award to SSA pertaining to its loss of business claims and an award regarding the damages to the real property which is the subject of the mortgage, the receiver cannot take any proceeds from the Franklin County case.  It appears from the record the Franklin County Court of Common Pleas permitted the receiver to

intervene in the action and stayed the matter until issues regarding the receiver's authority could be determined in Delaware County.

**{¶28}** To the extent the trial court comingled the receiver's interest with those of SSA, the trial court erred. The trial court may not grant the receiver authority to settle SSA's personal claims to the exclusion of SSA. However, in controlling and directing the receiver, it did not, in fact, exercise any jurisdiction over the case in Franklin County.

**{¶29}** The second assignment of error is overruled.

**{¶30}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and vacated, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion after such time as the Franklin County case is resolved and the Receiver's claims are determined.

By Gwin, J.,

Delaney, P.J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

WSG:clw 0731

[Cite as *Huntington Natl. Bank v. SSA Ltd.*, 2012-Ohio-3937.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SSA LTD, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2012-CA-6 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and vacated, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion after such time as the Franklin County case is resolved and the Receiver's claims are determined. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE