[Cite as *Victor Asset Acquisition, L.L.C. v. Woogerd*, 2016-Ohio-1435.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| VICTOR ASSET ACQUISITION, LLC | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.  15-CA-47 |
| MICHAEL L. WOOGERD, ET AL | : | 15-CA-69 |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING: Civil appeal from the Richland County Court of Common Pleas, Case No. 2014CV0886

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 1, 2016

APPEARANCES:

For Victor Asset Acquisition

DAVID VAN SLYKE
300 E. Broad Street
Columbus, OH 43215

For Citizens Banking
JEANNA WEAVER
JAMES MCGOOKEY
300 E. Broad Street
Columbus, OH 43215

For Defendants-Appellants

THOMAS MALLORY, JR.
Mallory Law Office
720 East Broad Street, Suite 202
Columbus, OH  43215

*Gwin, J.*

{¶1} Appellants appeal the May 6, 2015, July 14, 2015, and August 14, 2015, judgment entries of the Richland County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On December 14, 2006, appellant Michael Woogerd ("Woogerd"), individually and as president of appellant Turn Key Storage, Inc., ("Turn Key") executed a promissory note of $250,000 in favor of defendant/appellee Citizens Banking Company ("Citizens"). An allonge attached to the note dated November 5, 2013 indorsed the note from Citizens to appellee Victor Asset Acquisition, LLC ("VAA"). As security for the note, Woogerd executed and delivered a mortgage on the real estate at 1435 Orchard Park Road, Mansfield, Ohio. Citizens was the mortgagee. The real estate at 1435 Orchard Park Road contains an outdoor storage facility. The mortgage was assigned from Citizens to VAA on November 5, 2013 and recorded on November 25, 2013.

{¶3} On December 14, 2006, Woogerd, individually and as president of Turn Key, executed a second promissory note of $250,000 in favor of Citizens. A November 5, 2013 allonge attached to the note indorsed the note from Citizens to VAA. As security for the note, Woogerd executed and delivered a mortgage. While the face of the mortgage states the real estate located at 3059 Fox Run Road, Mansfield, Ohio secures the note, the legal description in the mortgage is that for 1435 Orchard Park Road. Citizens assigned the mortgage to VAA on November 5, 2013 and recorded the assignment on November 25, 2013.

{¶4} On May 23, 2007, Woogerd, individually and as president of Turn Key, executed a promissory note of $200,000 to Citizens. A November 5, 2013 allonge

attached to the note indorsed the note from Citizens to VAA. As security for the note, Woogerd executed and delivered a mortgage on the real estate at 1435 Orchard Park Road. Citizens recorded the mortgage on June 4, 2007. Citizens assigned the mortgage to VAA on November 5, 2013 and recorded the assignment on November 25, 2013.

{¶5} On April 6, 2010, Citizens filed a complaint on the cognovit provisions of the three promissory notes and declared the notes in default. On April 9, 2010, the Richland County Court of Common Pleas rendered judgment in favor of Citizens against Woogerd and Turn Key on the three promissory notes. On January 6, 2014, Citizens assigned the judgments to VAA. VAA renewed each of the judgments on January 13, 2015.

{¶6} On October 14, 2010, Citizens and Woogerd, individually and as president of Turn Key, executed a forbearance agreement as to the three promissory notes. The forbearance agreement required Woogerd to make interest-only payments at 5.5% each month for October 15, 2010 and continuing to March 15, 2011. The total payment under the forbearance agreement amounted to $3,175.39 per month on all three notes, to be applied by Citizens "to any outstanding interest, principal, or costs * * * in its sole discretion." Further, the agreement required Woogerd and Turn Key to keep real estate taxes current on the subject real estate to avoid default. The forbearance agreement contemplated a formal loan modification. Under this formal loan modification, Citizens agreed to retain the lower interest rate on the notes for five years, but with a twenty (20) year amortization rate, while Woogerd agreed to increase the monthly payments to be paid on the notes to a total of $4,889.17 per month.

{¶7} On March 15, 2011, at the end of the forbearance period, a formal loan modification was not executed. However, Citizens continued to charge Woogerd the

lower monthly interest amount of 5.5% and applied any payments made to the outstanding debts.

{¶8}   On September 2, 2014, VAA filed a complaint against Woogerd, Turn Key, and Citizens seeking reformation, foreclosure, and the appointment of a receiver.  VAA alleged in its complaint that Woogerd and Turn Key: did not make the increased payments of $4,889.17 per month after March 15, 2011; did not make the October and November 2011 payments; did not keep the real estate taxes current on the property; and stopped paying any monthly amounts in November of 2013.  VAA sought reformation of the second mortgage due to the mistake/scrivener's error of the inclusion of the Fox Run Road address on the face of the mortgage document.

{¶9}   Woogerd and Turn Key filed an answer, counterclaims against VAA, and cross-claims against Citizens.   Woogerd and Turn Key asserted the following counterclaims against VAA:   breach of contract, fraudulent inducement, fraudulent concealment, negligent misrepresentation, and specific performance.  Woogerd and Turn Key filed the same cross-claims against Citizens.  The cross-claims and counterclaims centered on the fact that Citizens never executed a formal loan modification on or after March 15, 2011 and alleged Woogerd and Turn Key were damaged by this failure.

{¶10}  VAA filed a motion to dismiss counterclaims and a motion for summary judgment on their complaint.  Citizens filed a motion to dismiss cross-claims and a motion for summary judgment.

{¶11}  Attached to VAA's motion for summary judgment was the affidavit of an authorized representative of VAA, Matthew Layton ("Layton").  Layton asserted Woogerd and Turn Key "have defaulted under the Forbearance Agreement" as a result of non-

payment thereunder and the default "has not been cured." Further, that the conditions of defeasance contained in the three mortgages had been broken. Layton stated that, applying every payment Woogerd and Turn Key made pursuant to the forbearance agreement, the total amount due as of October 15, 2013 was $610,802.21, while applying every payment made by Woogerd and Turn Key applying the terms of the proposed loan modification agreement, the total amount due as of October 15, 2013 would have been $618,763.02. Layton asserted "true and accurate copies of the instruments referenced herein are attached to the motion for summary judgment."

{¶12} VAA also filed a motion to appoint receiver pursuant to R.C. 2735.01 on April 24, 2015. The motion stated the real estate at issue contains a storage facility and VAA requested a receiver to collect rents, profits, income, and manage or operate the property. VAA attached to the motion the Richland County Auditor's property report card stating the real estate is appraised at $200,000.

{¶13} The trial court entered an order appointing a receiver on May 6, 2015. Woogerd and Turn Key filed a memorandum in opposition to the motion to appoint receiver on May 8, 2015. The trial court issued a nunc pro tunc order appointing receiver on May 11, 2015. The trial court ordered the receiver to take an oath and execute a bond. Further, the trial court stated, pursuant to Local Rule 1.01(A) that requires an opposition to a motion to be filed within ten (10) days, Woogerd and Turn Key's response was untimely, so it properly granted the motion without considering the memorandum in opposition. The trial court further stated that even if it considered Woogerd and Turn Key's response, it would not re-consider its previous decision granting the receiver, as

Woogerd and Turn Key did not submit any evidentiary proof to cause such reconsideration.

{¶14} Woogerd and Turn Key responded to the motions for summary judgment. Attached to the response was a "declaration" from Woogerd concerning when he received the notices of default and the information contained in the notices of default. The statement was not sworn or acknowledged by a notary.

{¶15} VAA submitted a reply brief and attached the affidavit of Bart Hamilton, Richland County Treasurer. The affidavit stated the taxes on the 1435 Orchard Park Road property had been delinquent since the first half of 2011. The affidavit was notarized, but was not signed by Hamilton. It was signed by Amanda Hike.

{¶16} The trial court issued a judgment entry on July 14, 2015. As to Woogerd and Turn Key's counterclaims against VAA and cross-claims against Citizens, the trial court found the release in the forbearance agreement barred the counterclaims and cross-claims. With regard to VAA's claims against Woogerd and Turn Key, the trial court found VAA submitted sufficient evidence, including copies of the notes, mortgages, assignments, the affidavit of Layton, payment history statements, and Woogerd and Turn Key's interrogatory No. 5 to satisfy their summary judgment burden. The trial court found Woogerd and Turn Key failed to provide any Civil Rule 56 evidence to rebut VAA's assertion of default in payment and default by failing to pay real estate taxes. The trial court found Woogerd's "declaration" was not sworn or acknowledged by a notary, so it was not proper Civil Rule 56 evidence. Further, even if it was considered, the declaration fails to rebut any incidents of default as the declaration does not state that Woogerd and/or Turn Key paid the taxes at issue or made the payments at issue.

{¶17} The trial court thus granted VAA's motion to dismiss counterclaims and Citizens' motion to dismiss cross-claims and granted VAA and Citizens' motions for summary judgment. On August 14, 2015, the trial court entered a judgment entry and decree of foreclosure.

{¶18} Woogerd and Turn Key filed two separate appeals from the judgment entries of the Richland County Court of Common Pleas. In their first appeal, Woogerd and Turn Key appeal the judgment entry of the trial court granting the motion to appoint receiver and assign the following as error:

{¶19} "I. THE COURT ERRED BY APPOINTING THE RECEIVER WITHOUT PROVIDING APPELLANTS NOTICE OR A HEARING.

{¶20} "II. THE COURT ERRED BY APPOINTING A RECEIVER BASED ON THE ASSIGNMENT OF LEASES AND RENTS IN THE MORTGAGES.

{¶21} "III. THE TRIAL COURT ERRED BY APPOINTING THE RECEIVER WITHOUT DETERMINING THAT SUCH AN APPOINTMENT WAS NECESSARY."

{¶22} In their second appeal, Woogerd and Turn Key appeal the judgment entry of the trial court granting summary judgment to VAA and Citizens and dismissing Woogerd and Turn Key's counterclaims and cross-claims. Woogerd and Turn Key assign the following as error:

{¶23} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING DEFENDANTS' COUNTERCLAIMS AGAINST VICTOR AND DEFENDANTS' CROSS-CLAIMS AGAINST CITIZENS.

{¶24} "II. THE TRIAL COURT ERRED BY GRANTING FORECLOSURE ON DEFENDANTS' PROPERTIES.

{¶25} "III. THE TRIAL COURT ERRED BY HOLDING DEFENDANTS DEFAULTED UNDER THE TERMS OF THE FORBEARANCE AGREEMENT."

*Appointment of a Receiver (First Appeal)*

{¶26} The authority to appoint a receiver is an "extraordinary, drastic and sometimes harsh power which equity possesses." *Hoiles v. Watkins*, 117 Ohio St. 165, 157 N.E. 557 (1927). Due to the extreme nature of the remedy, the movant must demonstrate the need for a receiver by clear and convincing evidence. *Malloy v. Malloy Color Lab, Inc.*, 63 Ohio App.3d 434, 579 N.E.2d 248 (10th Dist. 1989). In reviewing a trial court order appointing a receiver, we must determine whether there is evidence tending to prove the facts essential to sustain the order and we may not review the weight of the evidence. *Parker v. Elsass,* 10th Dist. Franklin Nos. 01AP-1306, 02AP-15, 02AP-144, 2002-Ohio-3340.

{¶27} The decision to appoint a receiver is within the trial court's sound discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In exercising that discretion, the trial court generally should consider "all the circumstances and facts of the case, the presence of the conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and adequacy and effectiveness of other remedies." *Id.* Absent an abuse of discretion, an appellate court will not reverse a decision on whether to appoint a receiver. *Id.* A trial court abuses it discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

I. (First Appeal)

**{¶28}** Appellants first argue the trial court erred in appointing a receiver without notice and a hearing. We disagree.

**{¶29}** VAA filed its motion for appointment of receiver on April 24, 2015. The trial court granted the motion on May 6, 2015. Further, the trial court issued a nunc pro tunc judgment entry on May 11, 2015 stating Woogerd and Turn Key's responses were not filed within deadline contained in the local rules, but, even if it considered the response, the trial court would not re-consider its previous decision granting the receiver. According to Local Rule 1.01(A) of the Richland County Court of Common Pleas, in civil motions, a "party opposing the motion shall file, within ten days * * * after a copy of the motion has been served upon it." Here, the certificate of service on the motion for appointment of receiver states VAA served Woogerd and Turn Key on April 23, 2015. Thus, Woogerd and Turn Key had proper notice of the motion and the trial court did not issue its entry until twelve days after the motion was filed, two days longer than required by Local Rule 1.01(A).

**{¶30}** Further, receivership is statutory in nature. R.C. 2735.01 does not mandate an evidentiary hearing prior to ruling on a motion seeking an order for appointment of a receiver. See also *Citizens Banking Co. v. Real Am. Inc.*, 6th Dist. Ottawa No. OT-11-044, 2013-Ohio-1710. Additionally, courts have held that as long as sufficient evidence is presented by the moving party to support the motion and enable the court to properly consider the motion prior to ruling on it, no hearing is required. *Id; Victory White Metal Co. v. N.P. Motel Systems, Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-2706. In this case, the record reflects VAA attached supporting documentation to its motion,

including the mortgages with the assignment of rents provisions, the auditor's tax cards

demonstrating the appraised value of the property, and the affidavit of Layton. Woogerd

and Turn Key did not timely file a memorandum contra and, when they did file their

memorandum contra, they did not attach any evidence to rebut VAA's evidence. Thus,

the trial court had sufficient evidence to properly consider the motion prior to ruling on it.

{¶31} Woogerd and Turn Key's first assignment of error is overruled.

## II. (First Appeal)

{¶32} Woogerd and Turn Key contend the trial court erred by appointing a receiver

based on the assignment of leases and rents in the mortgages. They argue the

mortgages do not contain a consent of the mortgagor to the appointment of a receiver

and VAA provided no evidence of mortgage default in the motion for appointment of

appraiser.

{¶33} R.C. 2735.01 provides that:

(A) A receiver may be appointed by * * * the court of common pleas or a

judge thereof in the judge's county * * * in causes pending in such courts

respectively, in the following cases:

* * *

(3) To enforce a contractual assignment of rents and leases.

The mortgages at issue in this case provide as follows:

Mortgagor assigns, grants, bargains, conveys and mortgage to Lender as

additional security all right, title and interest in the following (Property). * *

* (B) Rents, issues and profits, including but not limited to, security

deposits, minimum rents, percentage rents, additional rents * * * and all

rights and claims which Mortgagor may have that in any way pertain to on account of the use or occupancy of the whole or any part of the Property (Rents).

* * *

Mortgagor may collect, receive, and enjoy and use the Rents so long as the Mortgagor is not in default.

**{¶34}** In this case, the mortgages clearly contain a contractual assignment of rents upon default. Woogerd and Turn Key contend that since the mortgages do not contain an explicit agreement to a receiver, the trial court cannot utilize the provisions in the mortgage to appoint a receiver. We disagree.

**{¶35}** We must look to the plain language of the statute itself to determine the legislative intent. *Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 1997-Ohio-310, 676 N.E.2d 519. Despite appellants' argument, there is no indication in the statute that the mortgage must contain a consent of the mortgagor to appoint a receiver in order to utilize R.C. 2735.01(A)(3). The plain language of the statute provides that the trial court may appoint a receiver to enforce a contractual assignments of rents or leases. Further, "the law in Ohio is that a mortgagee may collect rents upon the default of the mortgagor only upon taking possession of the property or upon appointment of a receiver." *MCM Funding 1997-I, Inc., v. Amware Distrib. Warehouses M&M, L.L.C.*, 8th Dist. Cuyahoga No. 87041, 2006-Ohio-3326; *In re Sam Tisci, Inc.*, 133 B.R. 857 (N.D. Ohio 1991) (stating that "to be entitled to the rents and profits specifically pledged, the mortgagee must have taken possession of the premises or must have taken some action, such as the appointment of a receiver to reduce the rents and profits to possession"). Thus, in the absence of VAA

taking possession of the Orchard Park Real Estate, VAA did not have a way in which to enforce the assignment of rents provision without the appointment of a receiver.

**{¶36}** Woogerd and Turn Key also argue VAA did not offer evidence of the default of the mortgages in its motion to appoint receiver. We disagree.

**{¶37}** In its judgment entry appointing receiver, the trial court specifically found Woogerd and/or Turn Key were in default under the mortgages. This determination with regard to the appointment of a receiver was not an abuse of discretion. In Layton's affidavit, attached to the motion to appoint receiver, he asserts that VAA is entitled to enforce the notes and mortgages; Woogerd and Turn Key defaulted on the forbearance agreement as a result of non-payment; the default has not been cured; and the conditions of defeasance contained in the mortgages have been broken. The 2010 forbearance agreement specifically dealt with the notes at issue, which are secured by multiple portions of the three mortgages that explicitly secure "all future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any * * * other evidence of debt existing now or executed after this Mortgage whether or not this Mortgage is specifically referred to in the evidence of debt." Appellants' second assignment of error is overruled.

## III. (First Appeal)

**{¶38}** Woogerd and Turn Key argue the trial court erred in appointing a receiver when not explicitly finding such an appointment was "necessary to prevent appellees from irreparable harm." We disagree. Woogerd and Turn Key cite to *Ohio Bureau of Workers' Compensation v. Am. Prof. Employer, Inc.*, 184 Ohio App.3d 156, 2009-Ohio-2991, 920 N.E.2d 148 (10th Dist.) which states that, "while satisfaction of the statutory criteria gives

rise to the trial court's discretion to decide whether to appoint a receiver * * * the decision to appoint a receiver remains discretionary despite a determination that at least one of the statutory bases exist."

{¶39} We first note there is a question as to whether the trial court must make a finding that the receiver is "necessary." The Restatement provides that, "where the real estate mortgage * * * contains language mortgaging the rents * * * upon default, the only requirement for a receivership is that the mortgagor be in default." Restatement of the Law 3d, Mortgages, Section 4.3(b) (1997). As to R.C. 2735.01(A)(2)(a), the Sixth District has held that a plaintiff is only required to show that a condition of the mortgage has not been performed and the property is probably insufficient to discharge the debt. *Huntington Nat'l Bank v. PRS Investments, LLC*, 6th Dist. Lucas No. L-12-1080, 2013-Ohio-2245.

{¶40} Additionally, the case upon which appellants based their argument is distinguishable from the instant case, as the plaintiffs in the case upon which appellants rely made their motion for appointment of receiver pursuant to different sections of R.C. 2735.01 such that the plaintiffs in that case were required to show more than an inference that the appointment of a receiver was necessary. *Ohio Bureau of Workers' Compensation v. American Professional Employer, Inc.*, 184 Ohio App.3d 156, 2009-Ohio-2991, 920 N.E.2d 148 (10th Dist.).

{¶41} Further, even if such a finding is required, the case cited to by appellants provides that, "in certain circumstances, evidence necessary to meet one of the statutory criteria in R.C. 2735.01 may also establish the need for a receivership to protect the movant's rights." *Id.* As detailed above, pursuant to R.C. 2735.01(A)(3), in order for VAA

to enforce the assignment of rents provision in the mortgages absent taking possession of the Orchard Park Real Estate, it was necessary for VAA to seek the appointment of a receiver.

**{¶42}** VAA also alternatively premised its motion for appointment of receiver upon R.C. 2735.01(A)(2)(a), which provides that in an action by a mortgagee for foreclosure, the court of common pleas may appoint a receiver when "the condition of the mortgage has not been performed, and * * * (a) the property is probably insufficient to discharge the mortgage debt."

**{¶43}** Here, as detailed above, VAA presented evidence that the conditions of the mortgages had not been performed through Layton's affidavit and presented evidence that the property is probably insufficient to discharge the mortgage debt by submitting the Auditor's Tax Cards of the Richland County Auditor indicating the total value of the three parcels that comprise Orchard Park Real Estate was significantly less than what was owed to VAA. Based upon this information, the trial court concluded the conditions to appoint a receiver were met. See *Huntington Nat'l Bank v. SSA Ltd. And SSA-Stor, LLC*, 5th Dist. Delaware No. 11CAE50048, 2011-Ohio-5264. Upon review of the record, we find the trial court did not abuse its discretion in reaching this decision.

**{¶44}** Woogerd and Turn Key's third assignment of error is overruled.

*Summary Judgment Standard (Second Appeal)*

**{¶45}** Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶46}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable

substantive law.  *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶47}**  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court.  *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).  This means we review the matter de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶48}**  The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim.  *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).  Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist.  *Id.*  The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts.  *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

## I. (Second Appeal)

**{¶49}**  In their first assignment of error, Woogerd and Turn Key argue the trial court erred in dismissing their counterclaims against VAA and cross-claims against Citizens based upon the waiver contained in the forbearance agreement.

**{¶50}**  Based upon our overruling of Woogerd and Turn Key's second and third assignments of error, infra, we find any arguments regarding the waiver of the cross-claims and counterclaims by the forbearance agreement to be moot. Woogerd and Turn Key's cross-claims and counterclaims all centered on the fact that a formal loan

modification was not executed and relate to the same issue addressed in VAA's complaint and the dispositive motion briefing: VAA's enforcement of the debts underlying the mortgages and judgment liens. We found that the trial court did not err in granting summary judgment to VAA on its foreclosure claim and in finding appellants defaulted on the forbearance agreement. Accordingly, any other allegations based upon damages resulting from these claims are moot upon the summary judgment. *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. Columbiana No. 08 CO 30, 2009-Ohio-3055.

**{¶51}** Further, we find that, based upon our disposition of Woogerd and Turn Key's second and third assignments of error, appellants have failed to provide evidence of economic damages. *DeCastro v. Wellston City School Dist. Bd. of Education*, 94 Ohio St.3d 197, 761 N.E.2d 612 (2002). Additionally, as evidenced by Layton's affidavit, appellants would actually owe more than what VAA seeks in this action if a formalized loan agreement had been executed. Appellants' first assignment of error is overruled.

## II. & III. (Second Appeal)

**{¶52}** In their second and third assignments of error, Woogerd and Turn Key contend the trial court erred by granting foreclosure on the properties.

### *Default In Payment*

**{¶53}** Appellants argue the trial court erred in finding a default of the forbearance agreement due to the non-payment in October and November of 2011 because: the forbearance agreement expired on March 15, 2011 and thus appellants could no longer breach the agreement; there was no contract that set forth the obligations of the parties after March 15, 2011; and VAA could not utilize the agreement to foreclosure on the property after the March 15th date. We disagree.

{¶54} The terms of the forbearance agreement clearly set forth the relationship between Citizens and Woogerd/Turn Key during and after the forbearance period despite the fact that a formal loan modification was not consummated. During and after the forbearance period, Citizens was obligated to reduce the interest rate from 7.5% to 5.5% per year and apply payments received from appellants to outstanding interest, principal, or cost as determined by Citizens in its sole discretion. Appellants, during the forbearance period, were required to make lower payments in the amount of $3,175.39 per month on the three loans. The forbearance agreement also specifically set forth the obligations of appellants after the March 15, 2011 period, as it states that appellants were required to make increased payments of $4,889.17 for the three loans at issue, "beginning in April of 2011 and continuing until March 15, 2016." The fact that a formal loan modification was not executed does not negate the fact that the forbearance agreement explicitly required appellants to make higher monthly payments on the three notes and judgments at issue beginning in April of 2011.

{¶55} In Layton's affidavit, he states that appellants are in default of the forbearance agreement, the default has not been cured, the conditions of defeasance contained in the mortgages have been broken, and he set forth the amount due and owing under the notes, mortgages, and forbearance agreement. Woogerd and Turn Key failed to submit any Civil Rule 56 evidence to rebut Layton's assertions. Further, in Woogerd's "declaration," which was not notarized, he: does not say that he made the payments in October or November of 2011; does not say he made the increased payments after March 15, 2011; and does not state he made the payments after December of 2013. Accordingly, the court did not err in granting summary judgment.

**{¶56}** Further, even if the forbearance agreement expired in March of 2011, the underlying debt obligations and Citizens' ability to enforce those obligations remained. The forbearance agreement specifically provides, "Citizens is not willing to waive the events of default * * * but is willing to defer the use of its remedies based upon those provisions as set forth in this Forbearance Agreement." Further, in the forbearance agreement, the "Borrowers reaffirm the mortgages granted to Citizens as security for the loans, which mortgages shall remain in full force and effect" and the "Bank shall continue to have all rights and remedies resulting from any default under the provisions of the Notes and applicable law * * *." Each of the mortgages at issue explicitly secures "all present and future borrowings" and specifically secures "all * * * future obligations to * * * Lender or other evidence of debt existing now or executed after this Mortgage" and "all obligations * * * owed to Lender, which now exists or may later arise."

**{¶57}** As noted above, Layton's affidavit provides information regarding the default, the conditions of defeasance of the mortgages, and sets forth the amounts due and owing under the notes, mortgages, and forbearance agreement. Woogerd and Turn Key failed to submit any Civil Rule 56 evidence to rebut Layton's affidavit. Thus, the trial court did not err in granting summary judgment.

*Real Estate Taxes*

**{¶58}** Woogerd and Turn Key also contend the trial court erred in finding they breached the forbearance agreement by failing to pay their real estate tax payment obligations. Specifically, Woogerd and Turn Key argue the trial court erred in relying on Interrogatory Number 5 and the affidavit of Bart Hamilton because it is not a valid summary judgment affidavit.

**{¶59}** The forbearance agreement provides the "failure to keep real estate taxes current constitutes forbearance default." In their summary judgment motion, VAA attached an interrogatory submitted to Citizens by Woogerd and Turn Key. Woogerd and Turn Key asked Citizens how they defaulted under the forbearance agreement and Citizens answered the interrogatory as follows: "Woogerd and Turn Key defaulted under the forbearance agreement when they failed to make payment. Payment was due for the payment required to be made on 11/15/10 and by failing to keep all real estate taxes current during one or more periods of the loan relationship * * *."

**{¶60}** Civil Rule 56(C) provides an exclusive list of materials a trial court may consider when deciding a motion for summary judgment including pleadings, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Walnut Creek Foods v. Johnny Apple Cheese*, 5th Dist. Holmes No. 09 CA 16, 2010-Ohio-4860. In this case, the interrogatory at issue was submitted by Woogerd and Turn Key and answered by Citizens, who verified appellants' breached the forbearance agreement as a result of the failure to keep real estate taxes current. Citizens, a co-defendant in the case brought by VAA, was the original lender on the notes and thus it is a party sufficiently adverse to the party submitting the interrogatory (Woogerd and Turn Key) to provide a meaningful discovery response.

**{¶61}** Further, upon Citizens' sworn statement that the real estate taxes had not been kept current and upon being served with VAA's complaint and motion for summary judgment, Woogerd and Turn Key could have submitted admissible evidence, pursuant to Civil Rule 56(C), to counter the statement by Citizens' that the taxes had not been kept current. Here, Woogerd and/or Turn Key did not submit any Civil Rule 56 evidence to

rebut the answer to the interrogatory. Notably, though Woogerd submitted an un-notarized "declaration," the declaration does not state that the taxes had been kept current. Accordingly, the trial court did not err in granting summary judgment.

{¶62} Woogerd and Turn Key argue the trial court erred in relying on the affidavit of Bart Hamilton in granting the motion for summary judgment. Hamilton, the Richland County Treasurer, submitted an affidavit stating the taxes on the Orchard Park Road property had been delinquent since the first half of 2011. The affidavit was notarized, but was not signed by Hamilton. Here, there is no indication that the trial court considered the affidavit of Hamilton in granting the motion for summary judgment as the trial court stated it relied on the interrogatory and lack of evidentiary materials by appellants. Further, based upon the answer to the interrogatory as detailed above and the lack of evidence submitted by Woogerd/Turn Key to create a genuine issue of material fact, the trial court did not err in granting summary judgment even if the affidavit of Hamilton is not considered.

{¶63} Woogerd and Turn Key's second and third assignments of error are overruled.

{¶64} Based on the foregoing, we overrule Woogerd and Turn Key's assignments of error. The judgment entries of the Richland County Court of Common Pleas are affirmed.

By Gwin, J.,

Farmer, P.J., and

Delaney, J., concur